UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIMANI RICHYE JAMES,**

    **Petitioner,**

v.                                          Case No.  8:20-cv-1443-T-27TGW
                                                      Crim Case No.  8:10-cr-270-T-27TGW

**UNITED STATES OF AMERICA,**

    **Respondent.**
_____/

## ORDER

**BEFORE THE COURT** are Petitioner James' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), his Memorandum of Law, Points and Authorities in Support (cv Dkt. 2), the United States' Response (cv Dkt. 5), and James' Reply (cv Dkt. 6). Upon review, the § 2255 motion is **DENIED**.

## BACKGROUND

In 2010, James was indicted and charged with stealing firearms from a licensed dealer, in violation of 18 U.S.C. §§ 922(u) and 2 (Count One), conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count Two), Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951(a) and 2 (Count Three), and carrying a firearm which was discharged during a crime of violence, specifically "the offense of robbery as charged in Count Three," in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2 (Count Four). (cr Dkt. 1). He pleaded guilty to Counts Three and Four pursuant to a written plea agreement.[1] (cr Dkts. 31, 38). The plea agreement reflected that James and a co-defendant drove a stolen vehicle through a security door at a hardware store and took 31

---

[1] Neither party provides the transcript of James' change of plea hearing or sentencing, despite an order that the United States, "[a]s part of the initial pleading, . . . [p]rocure transcripts and/or narrative summaries in accordance with Rule 5(b) of the Rules Governing Section 2255 Cases in the United States District Courts and file them concurrently with the initial pleading . . . ." (cv Dkt. 4 at 1-2).

1

guns, at least 30 of which were shipped or transported in interstate or international commerce. (cr Dkt. 31 at 9). They also robbed a convenience store, during which they brandished semi-automatic firearms, fired several rounds, and shot a clerk. (Id. at 10-11). James' guilty plea was accepted, and he was adjudicated guilty. (cr Dkts. 38, 40).

James was sentenced to 57 months imprisonment on Count Three and a consecutive term of 180 months on Count Four. (cr Dkt. 53). His motion for a reduction of sentence was granted, reducing the term of imprisonment on Count Three to 46 months. (cr Dkt. 68). He filed a notice of appeal, followed by a motion for voluntary dismissal of the appeal. (cr Dkts. 55, 61). And his motion to vacate judgment "by reason of coram non judice" was denied.[2] (cr Dkts. 85, 87).

In this § 2255 motion, James raises a claim under *United States v. Davis*, 139 S. Ct. 2319 (2019), contending that his "conviction and sentence as to Count Four, aiding and abetting possession of a firearm in furtherance of a crime of violence is unconstitutional." (cv Dkt. 1 at 4). He further explains that

> Both aiding and abetting obstruction of commerce by robbery (Hobbs Act Robbery) and Hobbs Act robbery are not categorically crimes of violence as defined under the "elements clause" in 18 U.S.C. § 924(c)(3)(A), and cannot trigger a charge, or support a conviction, for aiding and abetting possession of a firearm in furtherance of a crime of violence.

(Id.). As the United States correctly contends, James' *Davis* claim is without merit.[3] (cv Dkt. 5).

---

[2] In the motion, James asserted that he did not seek relief under 28 U.S.C. § 2241 or § 2255. (cr Dkt. 85 at 1). And although the order denying his motion noted that his "recourse is § 2255," the order did not construe the motion as filed under § 2255. (cr Dkt. 87 at 3 n.4). Accordingly, the prior motion "cannot be considered a § 2255 motion for the purposes of applying the second or successive restrictions to the defendant's later § 2255 motions." *See United States v. Garrison*, 797 F. App'x 500, 501 (11th Cir. 2020).

[3] The United States does not dispute that the motion is timely, since it was filed within one year of the date on which the right asserted, which was newly recognized and made retroactively applicable to cases on collateral review, was initially recognized by the Supreme Court. (cv Dkt. 5 at 10); *see Blackman v. United States*, 805 F. App'x 993, 995 (11th Cir. 2020). An evidentiary hearing is unnecessary to resolve James' claim, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b). Further, although a district court must address and resolve all claims raised in a petitioner's motion, *see Clisby v. Jones*, 960

**DISCUSSION**

Because Hobbs Act robbery constitutes a "crime of violence" under the elements clause of § 924(c), and James has not demonstrated that his convictions turn on the validity of the residual clause, his *Davis* claim is due to be denied.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence." 18 U.S.C. § 924(c)(1)(A). An offense qualifies as a "crime of violence" if it is a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Accordingly, for James' conviction to be valid, the offense which predicated the § 924(c) conviction must satisfy the elements clause. To determine whether an offense constitutes a "crime of violence" under the elements clause, courts apply a categorical approach and "look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (citations omitted). "[T]he particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime." *Id.*

Here, the Indictment charged that James did "knowingly and willfully carry a firearm which was discharged during and in relation to a crime of violence, namely, the offense of robbery as charged in Count Three," in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. (cr Dkt. 1 at 2-

---

F.2d 925, 936 (11th Cir. 1992), nothing in *Clisby* requires or suggests consideration of a claim raised for the first time in a reply.

3

3). And Count Three charged Hobbs Act robbery in violation of 18 U.S.C. §§ 1951(a) and 2. (Id. at 2). Further, James pleaded guilty to Hobbs Act robbery and possession of a firearm which was discharged during a crime of violence. (cr Dkt. 31 at 2-3). The plea agreement provided that the elements of the § 924(c) charge included that he "carried and discharged the firearm 'during and in relation to' the crime of violence." (Id. at 3); *see Brown*, 942 F.3d at 1074 (noting that to determine whether a § 924(c) conviction is supported by a predicate crime of violence, the relevant crime is the one that the defendant "pled guilty to" and "the trial court adjudged [him] guilty of"). In summary, the Hobbs Act robbery charged in Count Three supported James' § 924(c) conviction.

> The Hobbs Act defines robbery as
>
> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1). Accordingly, the Eleventh Circuit has held that, because the offense requires the use, attempted use, or threatened use of physical force, Hobbs Act robbery constitutes a "crime of violence." *United States v. St. Hubert*, 909 F.3d 335 (11th Cir. 2018). In so finding, the court rejected James' contention that Hobbs Act robbery is not a crime of violence because it can be committed by "fear of causing future injury to property." *Id.* at 348-51; (cv Dkt. 2 at 8); (cv Dkt. 6 at 2).

To the extent James contends that his § 924(c) conviction was predicated on aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. § 2, the Eleventh Circuit has instructed that aiding and abetting a crime of violence constitutes a crime of violence. *See Steiner v. United States*, 940 F.3d 1282, 1293 (11th Cir. 2019). Indeed, the Eleventh Circuit has applied this to aiding and abetting Hobbs Act robbery. *See In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016); *cf. Rosemond*

*v. United States*, 572 U.S. 65, 67 (2014) (noting that a defendant could aid or abet a § 924(c) crime by facilitating either the predicate offense or the use of the firearm). Because his § 924(c) conviction was therefore supported by a crime of violence, and he has not demonstrated that his convictions turn on the validity of the residual clause, he is not entitled to relief on his *Davis* claim.[4]

### *Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires James to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted). I find that jurists of reason could not disagree with the resolution of James' constitutional claims or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

### CONCLUSION

Petitioner James' § 2255 motion is **DENIED**. (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against James, and to **CLOSE** this case.

**DONE AND ORDERED** this 25th day of September, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:  Petitioner, Counsel of Record

---

[4] James provides no argument or authority in support of his contention that his § 924(c) conviction violates the "Notice Clause of the Sixth Amendment." (cv Dkt. 2 at 6); *see Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1999) (noting that conclusory, unsupported allegations are insufficient). Rather, in *Davis*, the Supreme Court held that the residual clause was unconstitutionally vague, in violation of due process. 139 S. Ct. at 2325, 2336. To the extent James seeks to raise a claim independent of *Davis*, the claim is not properly raised in his § 2255 motion and is untimely. *See Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (noting that the statute of limitations "requires a claim-by-claim approach to determine timeliness").